UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

    Plaintiff,

  v.

SGT. JENNINGS, et al.,

    Defendants.

No. 2:13-cv-1134 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, and has moved to proceed in forma pauperis.

In his complaint, plaintiff seeks money damages against employees of the California State Prison – Sacramento ("CSP-Sac") who have allegedly served plaintiff unsanitary food, exposing plaintiff to disease and sickness. See ECF No. 1 at 4.

*Motion to Proceed In Forma Pauperis*

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

> malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should only be used to deny in forma pauperis status upon a determination that each potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court of Appeals for the Ninth Circuit has further held that a dismissal for failure to state a claim constitutes a strike, whether dismissal is with or without prejudice. O'Neal v. Price, 531 F.3d 1146, 1155-56 (9th Cir. 2008). However, a district court strike is not final until any appeal taken from the strike is resolved. Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011).

"Under the PLRA, prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). See also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

A review of the court's records reflects that, on December 10, 2012, in a similar § 1983 action, the court revoked plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). See Morris v. Jennings, No. 2:12-cv-2240 GEB CKD (the "2012 Action"), ECF No. 11. The court noted that

> [o]n April 3, 2008 in a case brought by plaintiff in the United States District Court for the Northern District of California, Morris v. Woodford, 3:07-cv-4198 MJJ, the judge determined that plaintiff had "struck out" under § 1915(g) and dismissed the case. Plaintiff appealed the decision. On August 4, 2008, the Ninth Circuit denied plaintiff's request to proceed in forma pauperis on appeal without explanation and ordered plaintiff to pay the filing fee. Plaintiff's

2

> appeal was dismissed on September 4, 2008 for failure to pay the filing fee and the mandate with respect to that decision was issued that day as well. Accordingly, the decision that plaintiff had "struck out" under § 1915(g) was final well before this action was filed in 2012.

Id.

Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet this exception, the complaint must allege facts demonstrating that plaintiff was under imminent danger of serious physical injury at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d at 1053 (availability of the exception turns on conditions prisoner faced at the time the complaint was filed, not at some earlier or later time). The complaint currently does not do so. Instead, the complaint generally alleges that defendants served plaintiff food under unsanitary conditions, including defendants' failure to wear a hair net, and that defendants retaliated against plaintiff when plaintiff filed grievances about the condition of his food. The only symptom described by plaintiff is that he "had to see the Dr. more than once due to stomach problems." However, plaintiff fails to identify the nature of the problems, to link the unnamed problems to defendants' actions, or to advise the court of the severity of his "stomach problems."

Accordingly, IT IS HEREBY ORDERED THAT

1. Plaintiff, within twenty-eight days, must show cause why he should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in forma pauperis in this action;
2. In the alternative, plaintiff must submit the entire filing fee of $350.00, within twenty-eight days of the date of this order; and
3. Failure to show cause, or to pay the filing fee, within twenty eight days of the filing date of this order, will result in a recommendation that this action be dismissed without prejudice.

DATED: June 28, 2013

_____/s/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/morr1134.3strikes

3