UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. JENNINGS, et al.,<br><br>    Defendants. | No. 2:13-cv-1134 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 4. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted and the court's June 28, 2013 order to show cause will be discharged. ECF No. 5. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent

1

1  of the preceding month's income credited to plaintiff's prison trust account. These payments will
2  be forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3  plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.

16 A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
17 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
18 support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
19 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
20 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
21 this standard, the court must accept as true the allegations of the complaint in question, Hospital
22 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
23 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
24 McKeithen, 395 U.S. 411, 421 (1969).

25 **Summary of the Complaint**

26 Plaintiff alleges that during the period September 2007 to June 2010 he was served food
27 under unsanitary conditions. In particular, plaintiff claims that defendants refused to wear
28 hairnets, failed to cover food, left the food out on railings, or let their sweat fall into the food.

1  Plaintiff alleges that when he reminded defendants to cover the food and to wear a hairnet,
2  defendants ignored plaintiff, or spoke to him harshly.  Plaintiff alleges that he successfully
3  grieved the failures, but that in response defendants would only wear their hairnets for a short
4  time.  Plaintiff claims that he had to see a doctor more than once due to stomach problems.

Plaintiff alleges that in September 2010 he was moved to P.S.U, where the defendants-guards also refused to wear a hairnet.

Plaintiff claims that he has been exposed to unsanitary conditions, disease, and sickness, and that when he filed an inmate appeal, defendants got mad and retaliated against him.

**Analysis**

The complaint will be dismissed with leave to amend, because the current complaint fails to state a claim upon which relief can be granted.

*Food*

Adequate food is a basic human need protected by the Eighth Amendment.  Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).  While prison food need not be tasty or aesthetically pleasing, it must be adequate to maintain health.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  Id., citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); see also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners."); Islam v. Jackson, 782 F. Supp. 1111, 1114–15 (E.D.Va.1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); Bennett v. Misner, 2004 U.S. Dist. LEXIS 19568* at 63, 2004 WL 2091473 (D. Or., Sept.17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.")

In this case, plaintiff has not alleged that the food he received was inadequate to maintain

3

his health.  Instead, he has alleged that on occasion there was some unidentified foreign object, hair, or sweat in his food, and that he had to go the doctor for "stomach problems."  However, plaintiff fails to provide the court with any information about the stomach problems, and, more importantly, fails to link the alleged problems to his food.  Absent this basic information, the undersigned finds that plaintiff's claims that defendants violated plaintiff's Eighth Amendment rights when they served his food is vague and conclusory and therefore fails to state a claim.  Accordingly, the claim will be dismissed with leave to amend.

*Harassment*

Plaintiff alleges that defendants Whitted, Spangler, and Lee used foul language when plaintiff asked them to wear a hairnet, or to cover plaintiff's food.  This is not a colorable Eighth Amendment claim, because verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Therefore, plaintiff fails to state a cognizable claim for verbal harassment.

*Retaliation*

The Ninth Circuit recently reiterated the five elements of a retaliation claim, specifying what a plaintiff must allege in order to defeat a motion to dismiss for failure to state a claim:

> First, the plaintiff must allege that the retaliated-against conduct is protected.  The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  Id. at 567.  The adverse action need not be an independent constitutional violation.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  "[T]he mere threat of harm can be an adverse action...."  Brodheim [v. Cry], 584 F.3d [1262,] 1270 [9th Cir. 2009)].
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.  Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.  See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities."  Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he

4

> suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the claim at the motion to dismiss stage.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of the institution." Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

In this case, reading plaintiff's allegations as broadly as possible, plaintiff's allegations fail to state a claim for retaliation. Plaintiff alleges that he filed grievances after defendants served him unsanitary food, and that in response, defendants spoke harshly to plaintiff. Plaintiff does not identify any "adverse action" or other conduct by defendants which he claims to be, or which could be construed as, retaliatory. Moreover, to the extent the harsh speaking was an adverse action, plaintiff fails to allege any chilling effect. Absent this most basic information, plaintiff fails to state a claim, and his retaliation claim must be dismissed with leave to amend.

**Conclusion**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

5

1 | Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2 |     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
3 | make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
4 | complaint be complete in itself without reference to any prior pleading.  This is because, as a
5 | general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6 | F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
7 | longer serves any function in the case.  Therefore, in an amended complaint, as in an original
8 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9 |     In accordance with the above, IT IS HEREBY ORDERED that:

10 |     1. The court's June 28, 2013 order to show cause, ECF No. 5, is discharged;

11 |     2. Plaintiff's request for leave to proceed in forma pauperis is granted;

12 |     3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
13 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
14 | 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
15 | Director of the California Department of Corrections and Rehabilitation filed concurrently
16 | herewith;

17 |     4. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim; and

18 |     5. Plaintiff is granted thirty days from the date of service of this order to file an amended
19 | complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
20 | Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
21 | assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
22 | two copies of the amended complaint; failure to file an amended complaint in accordance with
23 | this order will result in a recommendation that this action be dismissed.

24 | DATED: November 7, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE