UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>JENNINGS, et al.,<br><br>          Defendants. | No.  2:13-cv-01134 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed November 8, 2013, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has filed a first amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

I.    Original Complaint

In his original complaint, plaintiff alleged that he was served food under unsanitary conditions between September 2007 and June 2010 by prison guards at California State Prison-Sacramento ("CSP-Sac"). Plaintiff further alleged that defendants refused to wear hairnets, failed to cover the food, left the food out on railings, and let their sweat fall into the food. When plaintiff reminded defendants to cover the food or to wear a hairnet, they spoke harshly to him in response. As a result of the unsanitary food, plaintiff claimed that he had to see a doctor more than once due to stomach problems.

This court found that plaintiff had failed to state a colorable Eighth Amendment violation because he failed to link the alleged food problems to his doctor visits for stomach problems. The court dismissed plaintiff's claim that Defendants Whitted, Spangler, and Lee used foul language when plaintiff asked them to wear a hairnet or cover plaintiff's food because verbal harassment alone is not sufficient to state a constitutional violation under 42 U.S.C. § 1983. Plaintiff's claim

of retaliation failed for the same reason since plaintiff did not identify any adverse action by defendants other than their harsh words.

II.     First Amended Complaint

In this complaint, plaintiff names twenty-five prison guards at CSP-Sac who served food under unsanitary conditions by refusing to wear a hairnet and by not covering the food "every single day of every single month or 24/7 from September 2007 until June 2010." ECF No. 11 at 3-4.  When plaintiff reminded the guards that they were supposed to wear hairnets he was "ignored, cussed out, [or] talked real bad too…." Id. at 5.  Due to the unsanitary food conditions plaintiff alleges that he had to see the doctor due to stomach problems and was told by the doctor that the pain he suffered was because of something he had eaten. Id. at 5-6.  Plaintiff further alleges that the only food he ate was the food the guards were serving. Id. at 6.  Without identifying which defendants retaliated against him for filing 602 complaints about the food, plaintiff alleges that the guards "would repeatedly search and tear-up the cage plaintiff occupied" which served no penological interest. Id. at 7.  Plaintiff also alleges that he was retaliated against by not being allowed to go out to yard or religious services on various occasions in 2009 and 2010 and that when he asked an unidentified tower guard why this was occurring plaintiff was told that "my brothers told you to stop filing 602's." Id. at 7.

III.    Legal Standards and Analysis

At the outset, the court notes that plaintiff's verbal harassment claim will be addressed in a separate order issued this same date.

A.      Legal Standards for Inadequate Food

Adequate food is a basic human need protected by the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).  While prison food need not be tasty or aesthetically pleasing, it must be adequate to maintain health. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); see also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food

1  poisoning, whether suffered by one or many prisoners at an institution, does not constitute a
2  violation of the constitutional rights of the affected prisoners."); Islam v. Jackson, 782 F. Supp.
3  1111, 1114–15 (E.D.Va.1992) (serving one meal contaminated with maggots and meals under
4  unsanitary conditions for thirteen days was not cruel and unusual punishment, even though
5  inmate suffered symptoms of food poisoning on one occasion); Bennett v. Misner, 2004 U.S.
6  Dist. LEXIS 19568* at 63, 2004 WL 2091473 (D. Or., Sept.17, 2004) ("Neither isolated instances
7  of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated
8  with maggots are sufficiently serious to constitute an Eighth Amendment violation.")

9       B.     Analysis of Eight Amendment Claim for Unsanitary Food

10  Once again, the court finds that the allegations in plaintiff's first amended complaint are
11  too vague and conclusory to state an Eighth Amendment claim for relief.  Although plaintiff
12  attempts to link the unsanitary food to his stomach problems, he does so in an entirely conclusory
13  manner.  He fails to identify the doctor who treated him for his stomach problems or provide any
14  dates in which he received treatment.  This claim will once again be dismissed with leave to
15  amend.

16       C.     Retaliation Claim

17  While plaintiff has stated sufficient facts to establish a colorable retaliation claim, he has
18  failed to identify which defendant(s) were involved in the alleged retaliation.  While plaintiff
19  states that "Guard Niedlinger, Richards and others told me to stop filing 602's [be]cause Sergeant
20  Turner and the guards don't like it," he does not allege that these particular defendants were the
21  same ones who tore up his cell or prevented him from attending yard or religious services.  ECF
22  No. 11 at 5.  Therefore, with respect to these named defendants, plaintiff has failed to identify any
23  adverse action that they took against him which could be construed as retaliatory.  See Rhodes v.
24  Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  Plaintiff must allege with at least some degree of
25  particularity overt acts which defendants engaged in that support his claims.  Jones v. Community
26  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Even though plaintiff identified particular
27  adverse actions taken by other guards at CSP-Sac, he has failed to name these guards in the first
28  amended complaint.  Other than providing a long list of named defendants at the outset of the first

4

amended complaint, plaintiff fails to identify which defendant(s) is responsible for the alleged retaliation claim. In the interests of justice, the court will grant plaintiff leave to file a second amended complaint in order to specifically identify which defendants engaged in this conduct.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Eighth Amendment and retaliation claims alleged in the first amended complaint are dismissed with leave to amend; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure

////

to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: June 12, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE