UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-01134 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| JENNINGS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 8, 2013, plaintiff's complaint was dismissed with leave to file an amended complaint. ECF No. 10. Plaintiff has filed a first amended complaint. ECF No. 11. By separate order, this court dismissed plaintiff's Eighth Amendment and retaliation claims alleged in the first amended complaint, but granted plaintiff one additional opportunity to amend those claims. The instant order shall address plaintiff's verbal harassment claim.

I.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     Allegations in First Amended Complaint

The gravamen of the first amended complaint is plaintiff's contention that numerous prison guards served him food under unsanitary conditions between September 2007 through June 2010. ECF No. 11 at 3-4.  With respect to the verbal harassment claim, plaintiff alleges that when he reminded the prison guards that they were supposed to wear hairnets while serving food he was "ignored, cussed out, [or] talked real bad too…." ECF No. 11 at 5.

////

////

III.     Analysis

In this court's order of November 8, 2013, plaintiff was advised that verbal harassment or abuse alone is not sufficient to state an Eighth Amendment violation under 42 U.S.C. § 1983. See Oltarzewski v.Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff once again alleges that guards used profane and derogatory words when responding to his complaints about their failure to wear hairnets or to properly cover the food they were serving. Accordingly, plaintiff has failed to cure the deficiency previously identified by the court with respect to this claim. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000); Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted. Therefore, the undersigned finds that plaintiff has failed to state a cognizable claim for relief under § 1983 for verbal harassment and recommends that this claim be dismissed with prejudice.

Therefore, IT IS HEREBY ORDERED that this case be randomly assigned to a district court judge.

IT IS FURTHER RECOMMENDED that petitioner's verbal harassment claim raised in his first amended complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE