UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-1134 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| JENNINGS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. Plaintiff states that an attorney is necessary because he has been temporarily transferred to the Salinas Valley Psychiatric Program "for a higher level of care or treatment" and was not allowed to bring any of his legal materials with him.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 41) is denied.

Dated:  October 5, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/morr1134.31

---

[1] The court understands that plaintiff's opposition to defendants' motion to revoke plaintiff's in forma pauperis status is due October 13, 2016.  However, plaintiff does not request an extension of time to make that filing deadline.  If plaintiff seeks an extension of time, he must show just how long he was deprived of his legal materials and why he cannot meet the deadline for filing his opposition.  Plaintiff is warned that because he has had a substantial period of time to oppose defendants' motion, which was filed in January, any request for an extension of time must be supported by a showing of extraordinary circumstances justifying any additional time.