UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JENNINGS, et al.,<br><br>　　　　　Defendant. | No.  2:13-cv-1134 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On January 21, 2016, defendants filed a motion to revoke plaintiff's in forma pauperis status.  When plaintiff did not oppose that motion, the court ordered this action dismissed without prejudice.  (ECF Nos. 33, 34.)  However, in June, plaintiff filed a document explaining that he had been hospitalized during part of the period in which he was required to respond to defendants' motion.  (ECF No. 36.)  In response, on July 11, 2016, the court revoked the order dismissing this case, re-opened it, and provided plaintiff a 60-day period to file any opposition to the motion to revoke plaintiff's in forma pauperis status.  (ECF No. 37.)

On September 23, 2016, well after the expiration of that 60-day period, the court gave plaintiff an additional twenty days to file his opposition, if any, to the motion to revoke in forma pauperis status.  (ECF No. 40.)  The court informed plaintiff that his failure to file an opposition "will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b)

1   action dismissed based on plaintiff's failure to comply with these rules and a court order." The
2   court also informed plaintiff that his failure to file an opposition "shall result in a
3   recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)."
4   (Id.)

5   On September 30, plaintiff moved for appointment of counsel. (ECF No. 41.) On
6   October 6, 2016, the court denied that motion. (ECF No. 42.) Also in the October 6 order, the
7   court told plaintiff that if he wanted an extension of the deadline set out in the September 23
8   order, he must make a request for an extension of time and show why he could not meet the
9   deadline for filing his opposition. To date, plaintiff has neither requested an extension of time nor
10  filed an opposition to the motion to revoke plaintiff's in forma pauperis status.

11  Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action
12  for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th
13  Cir. 1992). In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse
14  its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended
15  complaint. The court explained that, in deciding whether to dismiss a case for a litigant's failure
16  to comply with a court order, the district court must weigh five factors: "(1) the public's interest
17  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
18  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
19  (5) the availability of less drastic alternatives." Id. at 1260-61 (quoting Thompson v. Hous. Auth.
20  of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986)).

21  In this case, the first two factors as well as the fifth factor cited by the court in Ferdik
22  strongly support dismissal of this action. This case has been pending before the court since June
23  5, 2013, and defendants filed their motion to revoke in forma pauperis status over nine months
24  ago. Plaintiff's failure to comply with court orders and the Local Rules strongly suggests that
25  further time spent by the court on this case will consume scarce judicial resources in addressing
26  litigation which plaintiff has demonstrated he has no intention to diligently pursue. Notably, the
27  court has repeatedly warned plaintiff that his failure to file his opposition would result in a
28  recommendation that this action be dismissed. In short, plaintiff's failure to follow the court's

orders has made it impossible for this civil action to be adjudicated by the court.

Therefore,Dated:  November 14, 2016

 the undersigned is left with no choice but to recommend dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal. Plaintiff's failure to oppose defendants' motion prevents the defendants from addressing plaintiff's claims and unnecessarily delays resolution of this action thereby forcing defendants to incur additional time and expense.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure …. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated:  November 14, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9

3

DLB1/prisoner-civil rights/morr1134.41

4